# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.

CHRISTOPHER LEGG, an individual, on
behalf of himself and all others similarly situated,

      Plaintiff,

v.                                                    **COMPLAINT - CLASS ACTION**

DOMINO'S PIZZA, LLC,
a Michigan limited liability company, and
MOGREET, INC., a Delaware corporation,

      Defendants.

_____/

## CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES AND INJUNCTIVE RELIEF UNDER 47 U.S.C. § 227 *et seq.*, THE TELEPHONE CONSUMER PROTECTION ACT
## JURY DEMAND

1.      The Pew Research Center has reported 69% percent of cellular users who use text messaging receive unwanted text message spam with 25% percent of them on a weekly basis.[1]  Plaintiff is one such person who regularly receives text message spam.  After several requests to stop texting to no avail, Plaintiff has decided to bring the instant class action complaint alleging violations of 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").  Simply put, Plaintiff has filed the instant lawsuit in an effort to put an end to this form of text

---

[1]  Source:  http://pewinternet.org/Reports/2012/Mobile-phone-problems/Main-findings.aspx  (last visited: November 25, 2014).

message spam and protect his fundamental right to privacy as well as the rights of the putative class members.

2.    In brief, Defendants have sent out thousands of unlawful text messages in violation of the TCPA.   By effectuating these unauthorized text message calls (also known as "SMS Messages"), Defendants have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies mobile spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such spam and such messages diminish cellular battery life, waste data storage capacity, and are an intrusion upon seclusion.

3.    In order to redress these injuries, Plaintiff, on behalf of himself and the proposed classes of similarly situated individuals described below, brings this suit under the TCPA, which specifically prohibits unsolicited voice and text calls to cell phones.  Defendants have sent unwanted text messages in a manner which violates the right of privacy of the putative class members.  Defendants continued to send these unwanted text messages even after Plaintiff and other putative class members requested that the offending texts stop. On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease all unlawful text messages and an award of statutory damages to the class members, together with costs and reasonable attorney's fees.   All allegations contained herein are based upon

information and belief of Plaintiff or the investigative efforts of the undersigned counsel.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this class action lawsuit under 28 U.S.C. § 1331 and 47 U.S.C. § 227.  Venue in this District is proper because Plaintiff resides here and Defendants regularly send text messages to individuals residing within this District.

## INTERESTED PARTIES

5.    Plaintiff, CHRISTOPHER LEGG (hereinafter, "Plaintiff" or "Mr. Legg"), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

6.    Defendant, DOMINO'S PIZZA, LLC (hereinafter, "Domino's"), is a Michigan limited liability company, headquartered in Ann Arbor, MI, and an international pizza chain.

**7.**    Defendant MOGREET, INC. (hereinafter "MoGreet") is a Delaware corporation, Headquartered in Los Angeles, CA and is a mobile marketing company that specializes in sending SMS advertisements to cellular telephones.

## A BRIEF OVERVIEW OF TEXT MESSAGING

8.     In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and email have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

9.     One of the newest types of such bulk marketing is to advertise through Short Message Services.  The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 120 - 500 characters.

10.     An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device.  When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

11.     The open rate for SMS messages exceeds 99% percent, and 90% percent of those messages are read within three minutes.[2]  Conversely, the open rate for email in the retail industry is 31% percent.[3]

---

[2]  Source: http://www.tatango.com/blog/sms-open-rates-exceed-99/ (last visited: November 25, 2014).

[3]  Source:  http://mailchimp.com/resources/research/email-marketing-benchmarks/  (last  visited: November 25, 2014).

12.     Unlike more conventional advertisements, SMS calls, and particularly wireless or mobile spam, can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

13.     Most commercial SMS messages are sent from "short codes" (also known as "short numbers"), which are special cellular telephone exchanges, typically only five or six digit extensions, that can be used to address SMS messages to mobile phones.  Short codes are generally easier to remember and are utilized by consumers to subscribe to such services as television program voting or more benevolent uses, such as making charitable donations.

14.     A short code is sent to consumers along with the actual text message and conclusively reveals the originator of the SMS message.

15.     Text messages are "calls" within the context of the TCPA.  *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009).

16.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such automated calls are prohibited because, as Congress found, automated telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC

5

also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

17.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling*, 23 FCC Rcd at 565 (¶10).

18.     The FCC specifically ruled that a consumer's prior express consent to receive future text messages may be revoked and texts sent after revocation violate the TCPA. *In re SoundBite Communications, Inc.*, --- FCC Rcd. ----, No. 02-278, 2012 WL 5986338 (Nov. 29, 2012).

19.     Even before the FCC Order that consent to receive a text message could be revoked, the Mobile Marketing Association declared in October 2012 in its *U.S. Consumer Best Practices for Messaging* that "[a] subscriber must be able to stop participating and receiving messages from any program by sending STOP to the short code used for that program…" and "… if the subscriber sent STOP or STOP ALL to the short code, they are opted out of all programs they were enrolled in on that short code."

## FACTUAL ALLEGATIONS

20.     Defendant Domino's operated via its mobile marketer MoGreet and promoted a text alert service that utilizes the short code 366-466. On a telephone keypad, 366466 is the alphanumeric equivalent of the word "DOMINO." *See* **Exhibit A** attached hereto.

21.     Defendants sent Plaintiff multiple text messages offering him discounts or deals on Domino's pizza.

22.     On or about July 9, 2014, Plaintiff replied to a text message from Defendants with the instruction to Stop sending him texts.

23.     On or about July 9, 2014, Defendants sent Plaintiff a response text message confirming that it received Plaintiff's Stop instruction, and further stating that Plaintiff would not receive any more text messages from Defendant.[4]

24.     Despite confirming Plaintiff's Stop request and stating that Plaintiff would not receive any further text messages, Defendants caused additional promotional text messages to be sent to Plaintiff on at least October 29, 2014 and November 13, 2014.

25.     On November 12, 2013 MoGreet entered into a nationwide class settlement agreement to resolve claims arising from violations of the TCPA.

---

[4] Plaintiff does not allege that the confirmatory opt-out text message was in any way unlawful – only the subsequent text messages sent by Defendants thereafter.

26.    The settlement of that lawsuit created a $16 million dollar settlement fund.

27.    "Domino's Pizza" is listed as one of the retailers on whose behalf MoGreet sent violative the text message advertising.

28.    Given Defendants' extensive use of mobile marketing and long malfunctioning text message alert service, there are likely thousands of putative class members as further described herein.  Moreover, taking into consideration Defendants' national presence, there is no practical way to send the above-described text message alerts without using an automatic telephone dialing system.

29.    Based upon an industry average opt-out rate of 3.7% percent,[5] a class of more than forty people would exist assuming at least 1,082 people had previously subscribed to the Defendant's text message alert service over the last four years.  *See generally, Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553-57 (11th Cir. 1986) (noting that more than 40 generally suffices and holding that 240 certainly did).

30.    Upon information and belief, all members of the putative class received messages that were sent *en masse* using an automatic telephone dialing system, also known as an "auto-dialer"; the device Defendant used to send the

---

[5]    Source:    http://www.tatango.com/blog/average-opt-out-rate-for-retail-sms-marketing-campaigns/ (last visited: November 27, 2014).

aforesaid text messages had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

## <u>CLASS ACTION ALLEGATIONS</u>

31.     This action is also brought on behalf of four classes. Class 1 consists of:

> All persons in the United States who instructed MoGreet to stop sending text message advertisements to their cellular telephone number and to whom MoGreet subsequently sent a text message advertising the same goods or services between March 6, 2014 and the date of certification, through the use of an automatic telephone dialing system.

and a sub class consisting of:

> All persons in the United States who instructed MoGreet to stop sending text message advertisements of Domino's to their cellular telephone number and to whom MoGreet subsequently sent a text message advertising Domino's between March 6, 2014 and the date of certification, through the use of an automatic telephone dialing system.

32.     Class 2 consists of:

> All persons in the United States who instructed MoGreet to stop sending text message advertisements to their cellular telephone number and to whom MoGreet sent at least two text messages within a 12 month period advertising the same goods or services between March 6, 2014 and the date of certification, and more than 30 days after the stop instruction.

and a sub class consisting of:

> All persons in the United States who instructed MoGreet to stop sending text message advertisements of Domino's to their cellular telephone number and to whom MoGreet sent at least

two text messages within a 12 month period advertising Domino's between March 6, 2014 and the date of certification, and more than 30 days after the stop instruction.

33.     Class 3 consists of:

All persons in the United States who instructed Domino's, or any other person sending text messages on Domino's behalf, to stop sending text messages advertising Domino's to their cellular telephone number and to whom Domino's, or that third party, subsequently sent a text message advertising Domino's between March 6, 2014 and the date of certification, through the use of an automatic telephone dialing system.

34.     Class 4 consists of:

All persons in the United States who instructed Domino's, or any other person sending text messages on Domino's behalf, to stop sending text messages advertising Domino's to their cellular telephone number and to whom Domino's, or that third party, sent at least two text messages within a 12 month period advertising Domino's between March 6, 2014 and the date of certification, and more than 30 days after the stop instruction.

35.     Excluded from the Classes are Defendants, their legal representatives, assigns, and successors, and any entity in which the Defendants have a controlling interest.  Also excluded from the Classes is the Judge to whom this case is assigned, the Judge's immediate family, and Plaintiff's counsel and their employees.  Plaintiff reserves the right to amend the above-stated class definitions based upon facts learned in discovery.

36.     Plaintiff alleges on information and belief based upon the Defendants' use of mass text messages that each Class is so numerous that joinder of all

members of the class is impractical.   There are more than forty-one (41) individuals in each Class as previously defined herein.

37.    There are questions of law or fact common to the Classes, which common issues predominate over any issues involving only individual class members.  Factual and/or legal issues common to each class member include:

      a.  Whether Defendants' conduct is governed by the TCPA.

      b.  Whether the text message advertisements sent by Defendants after Plaintiff unsubscribed violated the TCPA.

      c.  Whether the class members entitled to treble damages based upon the willfulness of Defendants' conduct.

      d.  Whether Defendants should be enjoined from engaging in such conduct in the future.

38.    Plaintiff's claim is typical of those of the members of each Class. Within each Class, all claims are based on the same facts and legal theories.

39.    Plaintiff will fairly and adequately protect the interests of each Class. He has retained counsel experienced in handling actions involving unlawful practices under the TCPA and class actions.  Neither Plaintiff nor his counsel has any interest that might cause them not to vigorously pursue this action.

40.    Certification of each Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(1)   The questions of law or fact common to the members of each Class predominate over any questions affecting individual members.

(2)   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

41.   Certification of each Class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to each Class thereby making appropriate relief with respect to each Class as a whole.

42.   Mr. Legg requests that each Class be certified as a hybrid class under Rule 23(b)(3) for monetary damages, and pursuant to Rule 23(b)(2) for injunctive relief.

**COUNT I**
**NEGLIGENT VIOLATIONS OF §227(b) OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**ON BEHALF OF CLASS 1**

43.   Plaintiff incorporates Paragraphs 1 through 42.

44.   Defendants sent unwanted text messages to Plaintiff and the members of Class 1 that included or introduced an advertisement using an automatic telephone dialing system.

45.   The excessive calls (*i.e.,* text messages sent post-revocation) were made without the prior express written consent of the parties.

46.     The aforesaid calls violate the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and its regulations, at 47 C.F.R. § 64.1200(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of Class 1, and against Defendants for:

(a)     An order certifying this case to proceed as a class action;

(b)     Statutory damages of $500 dollars per call for negligent violations of the TCPA;

(c)     An injunction requiring Defendants to cease all communications in violation of the TCPA;

(d)     Reasonable attorney's fees and costs; and

(e)     Such further relief as this Court may deem appropriate.

## COUNT II
## WILLFUL OR KNOWING VIOLATIONS OF §227(b) OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## ON BEHALF OF CLASS 1

47.     Plaintiff incorporates Paragraphs 1 through 42.

48.     Defendants willfully or knowingly sent unwanted text messages to Plaintiff and the members of Class 1 that included or introduced an advertisement using an automatic telephone dialing system.

49.     The excessive calls (*i.e.,* text messages sent post-revocation) were made without the prior express written consent of the parties.

50.    The aforesaid calls violate the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and its regulations, at 47 C.F.R. § 64.1200(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of Class 1, and against Defendants for:

(a)    An order certifying this case to proceed as a class action;

(b)    Statutory damages of up to $1,500 dollars per call for each willful or knowing violation of the TCPA;

(c)    An injunction requiring Defendants to cease all communications in violation of the TCPA;

(d)    Reasonable attorney's fees and costs; and

(e)    Such further relief as this Court may deem appropriate.

### COUNT III
### NEGLIGENT VIOLATIONS OF §227(c) OF THE TELEPHONE CONSUMER PROTECTION ACT ON BEHALF OF CLASS 2

51.    Plaintiff incorporates Paragraphs 1 through 42.

52.    Defendants sent more than one text message advertisement to Plaintiff and each member of Class 2 for telemarketing purposes within a 12-month period more than 30 days after being told to stop.

53.    The aforesaid calls violate the TCPA, 47 U.S.C. § 227(c), and its regulations, at 47 C.F.R. § 64.1200(d).

14

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of Class 2, and against Defendant for:

      (a)    An order certifying this case to proceed as a class action

      (b)    Statutory damages of up to $500 dollars per call for negligent violations of the TCPA;

      (c)    An injunction requiring Defendants to cease all communications in violation of the TCPA;

      (d)    Reasonable attorney's fees and costs; and

      (e)    Such further relief as this Court may deem appropriate.

## COUNT IV
## WILLFUL OR KNOWING VIOLATIONS OF §227(c)
## OF THE TELEPHONE CONSUMER PROTECTION ACT
## ON BEHALF OF CLASS 2

54.    Plaintiff incorporates Paragraphs 1 through 42.

55.    Defendants willfully or knowingly sent more than one text message advertisement to Plaintiff and each member of Class 2 for telemarketing purposes within a 12-month period more than 30 days after being told to stop.

56.    The aforesaid calls violate the TCPA, 47 U.S.C. § 227(c), and its regulations, at 47 C.F.R. § 64.1200(d).

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of the Class 2, and against Defendants for:

      (a)    An order certifying this case to proceed as a class action

(b)     Statutory damages of up to $1,500 dollars per call for each willful violation of the TCPA;

(c)     An injunction requiring Defendants to cease all communications in violation of the TCPA;

(d)     Reasonable attorney's fees and costs; and

(e)     Such further relief as this Court may deem appropriate.

## COUNT V
## NEGLIGENT VIOLATIONS OF §227(b) OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## ON BEHALF OF CLASS 3

57.     Plaintiff incorporates Paragraphs 1 through 42.

58.     Defendants sent unwanted text messages to Plaintiff and the members of Class 3 that included or introduced an advertisement using an automatic telephone dialing system.

59.     The excessive calls (*i.e.,* text messages sent post-revocation) were made without the prior express written consent of the parties.

60.     The aforesaid calls violate the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and its regulations, at 47 C.F.R. § 64.1200(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of Class 3, and against Defendants for:

(a)     An order certifying this case to proceed as a class action;

    (b)    Statutory damages of $500 dollars per call for negligent violations of the TCPA;

    (c)    An injunction requiring Defendants to cease all communications in violation of the TCPA;

    (d)    Reasonable attorney's fees and costs; and

    (e)    Such further relief as this Court may deem appropriate.

**COUNT VI**
**WILLFUL OR KNOWING VIOLATIONS OF §227(b) OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**ON BEHALF OF CLASS 3**

61.    Plaintiff incorporates Paragraphs 1 through 42.

62.    Defendants willfully or knowingly sent unwanted text messages to Plaintiff and the members of Class 3 that included or introduced an advertisement using an automatic telephone dialing system.

63.    The excessive calls (*i.e.,* text messages sent post-revocation) were made without the prior express written consent of the parties.

64.    The aforesaid calls violate the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and its regulations, at 47 C.F.R. § 64.1200(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of Class 3, and against Defendants for:

    (a)    An order certifying this case to proceed as a class action;

17

(b)     Statutory damages of up to $1,500 dollars per call for each willful or knowing violation of the TCPA;

(c)     An injunction requiring Defendants to cease all communications in violation of the TCPA;

(d)     Reasonable attorney's fees and costs; and

(e)     Such further relief as this Court may deem appropriate.

**COUNT VII**
**NEGLIGENT VIOLATIONS OF §227(c) OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**ON BEHALF OF CLASS 4**

65.     Plaintiff incorporates Paragraphs 1 through 42.

66.     Defendants sent more than one text message advertisement to Plaintiff and each member of Class 4 for telemarketing purposes within a 12-month period more than 30 days after being told to stop.

67.     The aforesaid calls violate the TCPA, 47 U.S.C. § 227(c), and its regulations, at 47 C.F.R. § 64.1200(d).

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of Class 4, and against Defendant for:

(a)     An order certifying this case to proceed as a class action

(b)     Statutory damages of up to $500 dollars per call for negligent violations of the TCPA;

18

    (c)    An injunction requiring Defendants to cease all communications in violation of the TCPA;

    (d)    Reasonable attorney's fees and costs; and

    (e)    Such further relief as this Court may deem appropriate.

## COUNT VIII
## WILLFUL OR KNOWING VIOLATIONS OF §227(c)
## OF THE TELEPHONE CONSUMER PROTECTION ACT
## ON BEHALF OF CLASS 4

68.    Plaintiff incorporates Paragraphs 1 through 42.

69.    Defendants willfully or knowingly sent more than one text message advertisement to Plaintiff and each member of Class 4 for telemarketing purposes within a 12-month period more than 30 days after being told to stop.

70.    The aforesaid calls violate the TCPA, 47 U.S.C. § 227(c), and its regulations, at 47 C.F.R. § 64.1200(d).

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of the Class 4, and against Defendants for:

    (a)    An order certifying this case to proceed as a class action

    (b)    Statutory damages of up to $1,500 dollars per call for each willful violation of the TCPA;

    (c)    An injunction requiring Defendants to cease all communications in violation of the TCPA;

    (d)    Reasonable attorney's fees and costs; and

(e)    Such further relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: November 30, 2014

Respectfully submitted,

By:/s/ *Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651

SCOTT D. OWENS, P.A.
3800 S Ocean Dr., Suite 235
Hollywood, Florida 33019
Telephone: 954-589-0588
Facsimile: 954-337-0666
scott@scottdowens.com

Keith J. Keogh
Michael S. Hilicki
Timothy J. Sostrin
Katherine M. Bowen
KEOGH LAW, LTD.
55 W. Monroe St., Suite 3390
Chicago, IL 60603
312-726-1092 (Phone) / 312-726-1093 (Fax)
Keith@KeoghLaw.com

*Attorneys for Plaintiff and the Putative Classes*